IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

POULIN VENTURES, LLC,

    Plaintiff,

v.                                                        Civ. No. 19–1031 JCH/GBW

MONEYBUNNY CO., *et al.*,

    Defendants.

## ORDER DENYING REQUEST FOR EMERGENCY HEARING
## AND DEFERING RULING ON WITHDRAWAL OF DEFENDANTS' COUNSEL

THIS MATTER comes before the Court on Sutin, Thayer & Browne, P.C.'s Opposed Motion to Withdraw as Counsel for Defendants. *Doc. 42*. Having reviewed the motion and its attendant briefing (*docs. 44, 47*), the Court DENIES Counsel's request for an emergency hearing and DEFERS ruling on the issue of withdrawal.

**I.**    **BACKGROUND**

This is not the first time that Sutin, Thayer & Browne, P.C. ("Counsel") has sought the Court's leave to withdraw as counsel for Defendants. On August 6, 2020, Counsel sought to withdraw based on "a breakdown of the attorney-client relationship." *Doc. 32* at ¶ 1. The Court denied the motion as to Defendant Lauren Lee Mitchell because counsel did not include a statement of Defendant's intention to appear *pro se. Doc. 33* at 1. The Court deferred ruling on the motion as to Defendant MoneyBunny Co. to afford the organization an opportunity to object to Counsel's withdrawal or file an entry of appearance by a new attorney. *Id.* at 2. The Court

instructed the Clerk to mail its order and the underlying motion to Defendant MoneyBunny Co. at the address provided by counsel, 1453 3rd Street 612, Santa Monica, California 90401. *Id.* The mail, however, was returned as undeliverable. *Doc. 35.*

On August 27, 2020, Counsel renewed its motion to withdraw with respect to Defendant Mitchell and included a statement of her intention to proceed *pro se*. *Doc. 34.* The address that Counsel provided for Defendant Mitchell, however, was the same as the one provided for Defendant MoneyBunny Co. to which mail had been returned as undeliverable. *Id.; doc. 32.* Pursuant to Local Rule 83.8(a), the Court denied the renewed motion, as well as the earlier motion with respect to Defendant MoneyBunny Co., because Counsel had not provided a valid address for either Defendant. *Doc. 36.*

On January 22, 2021, Counsel filed the instant motion to withdraw as attorney of record for Defendants Mitchell and MoneyBunny Co. based on the breakdown of their attorney-client relationship and its inability to contact Defendants or locate a current, valid mailing address for them. *Doc. 42* at ¶ 1. On February 5, 2021, Plaintiff filed its response in opposition. *Doc. 44.* Four days later, Counsel filed its reply, completing briefing on this motion. *Doc. 47; doc. 48.*

II. **ANALYSIS**

The instant motion to withdrawal suffers from many of the same deficiencies that plagued its earlier iterations. Counsel does not provide the Court with a reliable means of contacting Defendant Mitchell as required by Rule 83.8(a). Instead, it provides phone numbers for Defendant MoneyBunny Co., the same California address

2

to which mail was previously returned as undeliverable, and the address for Defendant MoneyBunny Co.'s registered agent.[1]  *See doc. 42.* at ¶¶ 5, 7; *doc. 44* at 3; *doc. 47* at 2. There is no reason for the Court to find that Defendant Mitchell is reachable at these phone numbers, when Counsel's attempts to contact her at them have failed.  Likewise, there is no reason for the Court to find that Defendant Mitchell is reachable at an address from which mail addressed to her was previously returned as undeliverable. Defendant Mitchell may be reachable via the address for Defendant MoneyBunny Co.'s registered agent, but, given the absence of any evidence that she has ever used this address as her personal address, the Court cannot find as such until mail posted to her at that address has been delivered successfully.

Counsel's motion also fails to include statements of Defendant Mitchell's intention to appear *pro se* and consent for its withdrawal.  Counsel claims "[u]pon information and belief" in its motion that Defendant Mitchell has the requisite intention and does not oppose their withdrawal.  *Id.* at ¶¶ 6, 9.  Counsel also argues in its reply that Defendant Mitchell's failure to object to its withdrawal within fourteen days of being served with this motion via email and mail constitutes consent to grant the motion and agreement with the representations therein.  *Doc. 47* at 1.  The Court disagrees.  The Certificates of Service for Counsel's motion and reply state that service was executed exclusively via email.  *Doc. 42* at 3; *doc. 47* at 3.  Serving Defendant

---

[1] In a subsequent motion, Counsel identified another address in California as Defendant Mitchell's address.  *Doc. 49* at 3 (listing Defendant Mitchell's California address as 13020 Pacific Promenade #211 Playa Vista, CA 90094).

3

Mitchell via email is proper only if she consented to it in writing, and there is no evidence before the Court that she has done so. *See* Fed. R. Civ. P. 5(b)(2)(E). Given the deficient service and Counsel's reported difficulty in contacting Defendant Mitchell, the Court cannot find at this time that Defendant Mitchell has actual or constructive knowledge of Counsel's motion to withdrawal such that her failure to file objections to it manifests consent to the withdrawal and an intention to appear *pro se*.

Finally, Counsel's motion also fails to establish that Defendant MoneyBunny Co. has consented to its withdrawal or that it has received notice that it can only appear via an attorney and that failing to obtain substitute counsel is grounds for sanctions, including default judgment against it. Like the case of Defendant Mitchell, Counsel claims "[u]pon information and belief" in its motion that Defendant MoneyBunny Co. does not oppose this motion. *Id.* at ¶ 9. It also argues in its reply that Defendant's failure to object to its withdrawal within fourteen days of being served with the motion via email and mail constitutes consent to grant the motion and agreement with the representations about it therein. *Doc. 47* at 1. Counsel's motion also claims that Defendant MoneyBunny Co. has been informed that it must obtain substitute counsel and that sanctions, including default judgment, may be imposed for failure to do so. *Id.* at ¶¶ 3, 4. However, the Certificates of Service for Counsel's motion and reply certify that service was executed exclusively via email. *Doc. 42* at 3; *doc. 47* at 3. Serving Defendant MoneyBunny Co. via email is proper only if it consented to it in writing, and there is no evidence before the Court that it has done so. Given the deficient service

4

and Counsel's reported inability to contact Defendant MoneyBunny Co., the Court cannot find at this time that Defendant has actual or constructive knowledge of Counsel's motion to withdrawal such that its failure to file objections to it manifests consent to granting it. Nor can the Court find that Defendant has actual or constructive knowledge of the requirement that it obtain substitute counsel and the consequences for not doing so.

The Court defers ruling on this motion as to both Defendants. Mailing a copy of this order and the underlying motion to each Defendant at the addresses provided for them may cure the motion's defects if the mailings are not returned as undeliverable.

The Clerk of the Court is HEREBY DIRECTED to send copies of this Order and Sutin, Thayer & Browne, P.C.'s Motion to Withdraw as Counsel (*doc. 42*) to Defendant MoneyBunny Co. at MoneyBunny Co., 30 N. Gould Street STE R, Sheridan WY, 82801-6362 and Defendant Mitchell at both Lauren Lee Mitchell, c/o MoneyBunny Co., 30 N. Gould Street STE R, Sheridan WY, 82801-6362 and Lauren Lee Mitchell, 13020 Pacific Promenade #211, Playa Vista, CA 90094. If the mail for a defendant is returned as undeliverable, the Court will deny Counsel's motion as to that Defendant.

Defendant MoneyBunny Co. is HEREBY NOTIFIED that it shall have **fourteen (14) days from the delivery of this order** to object to the withdrawal of Sutin, Thayer & Browne, P.C. or to file entry of appearance by a new attorney. If mail is delivered as to this Defendant and no objection is filed within fourteen (14) days, Sutin, Thayer & Browne, P.C. will be permitted to withdraw from representing this Defendant. If mail

is delivered as to this Defendant and Defendant does not file either an objection or an entry of appearance by a new attorney within fourteen (14) days, Defendant shall be subject to sanctions, including the imposition of default judgment against it.

Defendant Mitchell is HEREBY NOTIFIED that she shall have **fourteen (14) days from the delivery of this order** to object to the withdrawal of Sutin, Thayer & Browne, P.C. and to file either an entry of appearance by a new attorney or an entry of her appearance that contains her address and telephone number(s).  If mail is delivered as to this Defendant and no objections are filed within fourteen (14) days, Sutin, Thayer & Browne, P.C. may be permitted to withdraw from representing this Defendant.  If mail is delivered as to this Defendant and she does not file within fourteen (14) days an objection, an entry of appearance by a new attorney, or an entry of her *pro se* appearance that contains the requisite contact information, she shall be subject to sanctions for violating a court order, including the imposition of default judgment against her.

**IT IS SO ORDERED.**

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE