IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

POULIN VENTURES, LLC,
a New Mexico Corporation,

    Plaintiff,

v.                                                                                No. 1:19-cv-01031-JCH-GBW

MONEYBUNNY CO., a Wyoming
Corporation,

    Defendant.

**ORDER ADOPTING PROPOSED FINDINGS AND RECOMMENDED DISPOSITION
(ECF No. 65) AND STRIKING DEFENDANT'S ANSWER (ECF No. 39)**

This matter is before the Court on the Honorable Magistrate Judge Wormuth's Proposed Findings and Recommended Disposition (ECF No. 65) ("PFRD"). Therein, Judge Wormuth recommends that the Court strike Defendant's answer (ECF No. 39) pursuant to Rule 16(f)(1) so that Plaintiff may request the entry of default and, subsequently, default judgment against it. PFRD at 7. Having conduct an independent, *de novo* review of the matter and noting Defendant's lack of objection, the Court **adopts** the PFRD, **strikes** Defendant's answer, and **directs** the Clerk of Court to enter default against Defendant.

    **I.**    **BACKGROUND**

Over a year and a half ago, Plaintiff filed suit against Defendant and Lauren Lee Mitchell,[1] raising various trademark claims. ECF No. 1. Plaintiff served Defendant with process on November 12, 2019, ECF No. 11, and the Clerk of the Court entered default against it approximately a month and a half later, ECF No. 14.

---

[1] The Court dismissed Plaintiff's claims against Lauren Lee Mitchell on May 26, 2021 for want of personal jurisdiction. ECF No. 66.

After Plaintiff moved for default judgment against Defendant in February 2020, *see* ECF No. 15, counsel for Defendant entered an appearance and moved the Court to set aside the default and dismiss Plaintiff's claims against Defendant for want of personal jurisdiction, ECF Nos. 16, 19.  On October 27, 2020, the Court denied both Plaintiff's motion for default judgment and Defendant's motion to dismiss and vacated the default.  ECF No. 37.

During the pendency of the above motions, Defendant's relationship with counsel broke down and counsel moved to withdraw.  ECF No. 32.  Judge Wormuth denied counsel's motion for not providing the Court with a valid address for Defendant.  ECF No. 36.  In January 2021, counsel renewed its motion to withdraw, asserting therein that it "ha[d] lost contact with Defendant[] and [was] unable to locate a current, valid mailing address for [it]."  ECF No. 42 at ¶ 1.  Judge Wormuth first issued an order that deferred ruling on this motion, directed the Clerk of Court to mail a copy of the motion and the order to Defendant at the address provided for its registered agent, and gave Defendant fourteen days to either object to its counsel's withdrawal or file an entry of appearance for a new attorney.  ECF No. 50 at 4–6.  Judge Wormuth warned Defendant that it would be subject to sanctions, including the imposition of default judgment against it, if it failed to file objections or an entry of appearance.  *Id.* at 5–6.  Approximately two months later, Judge Wormuth held a hearing on the deferred motion during which he found that posting counsel's motion to the address of Defendant's registered agent constituted proper service on Defendant and that Defendant's consent to its counsel's withdrawal was presumed from its failure to object.  ECF No. 63.  Accordingly, on April 19, 2021, Judge Wormuth granted counsel's motion to withdraw as to Defendant.[2]  ECF No. 64.  In that order, he informed

---

[2] Counsel for Defendant also represented Ms. Mitchell.  *See* ECF No. 16.  Judge Wormuth deferred the motion to withdrawal as to her because there was insufficient evidence in the record to find that she had notice of the motion and the warnings issued in the orders related thereto.  ECF No. 64 at 3–4.

Defendant that it had twenty days to file an entry of appearance by a new attorney and that failure to do so would subject it to sanctions, such as the imposition of default judgment. *Id.* at 4–5.

After Defendant failed to comply with this order, Judge Wormuth filed the instant PFRD. Therein, he noted that, if a party fails to obey a pretrial order, the Court may *sua sponte* strike that party's pleadings and enter a default judgment against it pursuant to Federal Rule of Civil Procedure 16(f)(1)(C). PFRD at 4. To determine whether Defendant's noncompliance merited sanctions of this nature, Judge Wormuth analyzed the noncompliance under the factors identified in *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992)—(i) degree of prejudice to other parties; (ii) interference with the judicial process; (iii) culpability of noncompliant party; (iv) noncompliant party's notice that default judgment was a likely sanction; and (v) efficacy of lesser sanctions. *Id.* at 5–7. He found that all five factors favored striking Defendant's answer and imposing a default judgment against it and recommended that the Court do so. *Id.*

## II. ANALYSIS

Failure to object to a PFRD waives the right to *de novo* review by the district court and appeal to the Tenth Circuit. *See Thomas v. Arn*, 474 U.S. 140, 149–150 (1985); *United States v. 2121 East 30th Street*, 73 F.3d 1057, 1059–60 (10th Cir. 1996). Nevertheless, the Court has reviewed the record and the Magistrate Judge's findings *de novo*. *See 2121 East 30th Street*, 73 F.3d at 1061. It concurs with all of the factual and legal conclusions recited therein.

## III. CONCLUSION

Accordingly, the Court **ADOPTS** Magistrate Judge Wormuth's PFRD in full, **STRIKES** Defendant's Answer (ECF No. 39), and **DIRECTS** the Clerk of Court to enter default as to

Defendant. It also **ORDERS** Plaintiff to move the Court for a default judgment against Defendant **within fourteen (14) days of the entry of this order**.

    **IT IS SO ORDERED**.

                                                _____
                                               SENIOR UNITED STATES DISTRICT JUDGE